IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

BG11, INC. and FEDERAL EXPRESS
CORPORATION,

      Plaintiffs,

v.                                          No. 1:25-cv-554-KG-KRS

CANYON CHEEK; TEAM XPRESS, LLC;
and S&S LINE, LLC,

      Defendants.

## JURISDICTIONAL ORDER TO SHOW CAUSE AND ORDER TO FILE CORPORATE DISCLOSURE STATEMENTS

THIS MATTER comes before the Court sua sponte, following its review of the record and Plaintiffs' Complaint For Property Damage. (Doc. 1). Plaintiffs filed this matter in federal court citing diversity jurisdiction. (*Id.* ¶ 15). The Court has a duty to determine whether subject matter jurisdiction exists sua sponte. *See Tuck v. United States Auto. Ass'n*, 859 F.2d 842, 844 (10th Cir. 1988). Under the diversity statute, federal courts have "original jurisdiction in all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different States." 28 U.S.C. § 1332(a). A federal court's jurisdiction must clearly appear from the face of a complaint … ." *Whitelock v. Leatherman*, 460 F.2d 507, 514 (10th Cir. 1972). The complaint plausibly alleges that the amount in controversy requirement has been met. It does not, however, plausibly allege the requisite diversity of citizenship.

### Discussion

The complaint alleges that BG11 is a California corporation with its principal place of business in California. (Doc. 1 ¶ 1); and that Federal Express Corporation is a Delaware

corporation with its principal place of business in Tennessee (*id.* ¶ 2). Plaintiffs have adequately alleged that collectively, they are citizens of California, Delaware, and Tennessee. *See* 28 U.S.C. § 1332(c)(1) (corporations are considered citizens of both the state where they are incorporated and the state where their principal place of business is located). The complaint goes on to allege that Defendant Canyon Cheek is an individual citizen of Texas (Doc. 1 ¶ 3), and that Team Xpress, LLC and S&S Line, LLC are both Michigan limited liability companies, the members of which, "upon information, knowledge and belief," are citizens of Michigan, and "none are citizens of California, Delaware, or Tennessee" (*id.* ¶¶ 4, 6). These allegations are insufficient for the Court to plausibly determine the citizenship of the two LLC defendants.

Determining the citizenship of an LLC is different from determining the citizenship of a corporation under 28 U.S.C. § 1332. An LLC is a citizen of each and every state in which any member is a citizen. *See Siloam Springs Hotel, LLC v. Century Sur. Co.*, 781 F.3d 1233, 1237-38 (10th Cir. 2015) (remanding to the district court to determine the citizenship of all the members of the plaintiff limited liability company). Where an LLC has another unincorporated entity as one of its members, that member's citizenship "must be traced through however many layers of partners or members there may be to determine the citizenship of the LLC." *White v. Diversicare of Hutchinson, LLC*, No. 24-2373-KHV-RES, 2024 WL 4637499, at *2 (D. Kan. Aug. 28, 2024) (internal quotation marks and citation omitted).

The Court reads the complaint's averments "upon information, knowledge and belief" to mean that Plaintiffs may not have affirmative knowledge regarding the citizenship of the two LLC defendants. "Such unsupported allegations do not confer subject matter jurisdiction over this case." *W. Bldg. Grp., LLC v. Auto-Owners Ins. Co.*, No. 19-CV-01632-PAB, 2019 WL 2865381, at *1 (D. Colo. July 3, 2019) (citing case law requiring the plaintiff to address the citizenship of each of

defendant's members without resorting merely to their "information and belief" as to the same); *see also Etana Custody Inc. v. Stratford Sols. SL,* No. 23-CV-03341-PAB-STV, 2024 WL 4123495, at *2 (D. Colo. Sept. 9, 2024) ("The lion's share of federal authority … concludes that allegations of citizenship made on 'information and belief' are insufficient to establish diversity jurisdiction." (quoting *Aghdashloo v. Mohseni*, Case No. 2:21-cv-03618, 2022 WL 4630042, at *4 (S.D. Ohio Sep. 30, 2022) (collecting cases))).

In addition, Plaintiffs' allegation that the members of the two LLC defendants are citizens of Michigan is conclusory without the underlying facts to show that the members are citizens of Michigan. *See, e.g., White v. Diversicare of Hutchinson, LLC*, No. 24-2373-KHV-RES, 2024 WL 4637499, at *2 (D. Kan. Aug. 28, 2024) (jurisdictional allegations held insufficient where the plaintiff alleged that "[e]ach member, each defendant, and each limited partner of the limited partner defendant are citizens of the Tennessee and Delaware," but "[t]he factual allegations underlying this conclusory assertion" were omitted). Plaintiffs' additional allegation that none of the members of the two LLCs are citizens of California, Delaware, or Tennessee is also conclusory and thus insufficient. *See, e.g., Winn v. Carlsbad Med. Ctr., LLC,* No. 14-CV-1113 JAP/SMV, 2015 WL 12830457, at *2 (D.N.M. July 16, 2015) (allegation that "no member of Defendant Pecos Valley has New Mexico citizenship" held insufficient).

"The party seeking the exercise of jurisdiction in his favor must allege in his pleading *the facts essential to show jurisdiction.*" *United States ex rel. General Rock & Sand Corp. v. Chuska Dev. Corp.*, 55 F.3d 1491, 1495 (10th Cir. 1995) (citations and internal quotation marks omitted). Mere conclusory allegations without supporting facts are to be ignored. *Penteco Corp. Ltd. P'ship- -1985A v. Union Gas Sys., Inc.*, 929 F.2d 1519, 1521 (10th Cir. 1991). Plaintiffs must identify the members of each LLC defendant and provide the relevant facts showing that they are citizens of

3

Michigan. *See, e.g., Underwriters at Lloyd's, London v. Osting-Schwinn,* 613 F.3d 1079, 1092 (11th Cir. 2010) (remanding case in which party invoking the court's diversity jurisdiction did not disclose the identity and citizenship of each member of an unincorporated entity); *Clinton Hampton, LLC v. ProCentury Ins. Co.*, No. CIV-23-331-F, 2023 WL 3026718, at *1 (W.D. Okla. Apr. 20, 2023) ("Although the notice of removal alleges that plaintiff is a citizen of Oklahoma, it fails to identify each of the members of the limited liability company, and it fails to identify the state of citizenship for each of the members. The notice of removal must specifically identify each of plaintiff's members as well as the state of citizenship for each of those members." (internal citation omitted); *MPG Endeavors LLC v. Tygris Med. LLC,* No. 21-CV-02581-PAB, 2021 WL 5447028, at *1 (D. Colo. Nov. 22, 2021) (allegations held insufficient where, among other things, "petitioner has not identified respondent's members"); *Cheek v. Wolfgang Puck Worldwide, Inc.*, No. 17-CV-01201-PAB, 2017 WL 2274551, at *2 (D. Colo. May 25, 2017) (finding diversity allegations insufficient where "Ritz–Carlton has not identified its members or the citizenship of those members"); *Prospect Funding Holdings, LLC v. Fennell*, 2015 WL 4477120, at *2 (S.D.N.Y. July 15, 2015) (collecting New York district court decisions holding that a limited liability company must "plead facts establishing their citizenship including, ... the identity and citizenship of their members" in order to invoke diversity jurisdiction).[1]

### Federal Rule of Civil Procedure 7.1(a)(2)

Federal Rule of Civil Procedure 7.1(a)(2) states the following:

> In an action in which jurisdiction is based on diversity under 28 U.S.C. § 1332(a), a party or intervenor must, unless the court orders otherwise, file a disclosure statement. The statement must name—

---

[1] Courts have noted that, "[w]hile various state legislatures have decided to permit the members of LLCs to remain anonymous to the public at large, Congress has not created an exception to the requirements of diversity jurisdiction which would allow the members of LLCs to remain anonymous in federal court." *Cheek,* 2017 WL 2274551, at *2 n.2 (quoting e *U.S. Advisor, LLC v. Berkshire Prop. Advisors*, No. 09–cv–00697–PAB–CBS, 2009 WL 2055206, at *3 (D. Colo. July 10, 2009) (citing *Carden,* 494 U.S. at 196))).

>    and identify the citizenship of—every individual or entity whose citizenship is attributed to that party or intervenor:
>
>    >    (A) when the action is filed in or removed to federal court, and
>    >
>    >    (B) when any later event occurs that could affect the court's jurisdiction under § 1332(a).

FED. R. CIV. P. 7.1(a)(2).

Recognizing that the facts relating to the identity of the members of the two LLC defendants are in the control of Defendants, prior to Plaintiffs being required to show cause regarding the jurisdictional allegations in the complaint, Defendants will be ordered to comply with the requirements of Rule 7.1(a) by filing corporate disclosure statements. In addition to complying with subsection (a)(1) of the Rule, Defendants must comply with subsection (a)(2) by "nam[ing]—and identif[ying] the citizenship of" every member of Team Xpress, LLC and S&S Line, LLC, doing the same for every constituent entity who itself is comprised of members or partners, "continuing as far down as necessary to unravel fully the citizenship of the entity before the court." *Woodward, Inc. v. Zhro Sols., LLC*, No. 18-CV-01468-PAB, 2018 WL 11455060, at *2 (D. Colo. June 13, 2018) (citing *Hicklin Eng'g, L.C. v. Bartell*, 439 F.3d 346, 347-48 (7th Cir. 2006) ("The citizenship of a limited liability company is that of its members, and its members may include partnerships, corporations, and other entities that have multiple citizenships. A federal court thus needs to know each member's citizenship, and if necessary each member's members' citizenships." (internal citations omitted)); *SREI-Miami, LLC v. Thomas,* No. 08-cv-00730-MSK-BNB, 2008 WL 1944322, at *1 (D. Colo. May 2, 2008) (noting defendants' acknowledgment "that the weight of authority generally requires them to drill down through each layer of ownership, showing the citizenship of each member of each component limited-liability corporation that, collectively, comprise Strategic Real Estate Investors, LLC").

**IT IS THEREFORE ORDERED** that **no later than September 23, 2025,** Defendants shall file corporate disclosure statements that comply with FED. RULE CIV. P. 7.1(a), including **Rule 7.1(a)(2).**

**IT IS FURTHER ORDERED** that **no later than September 30, 2025,** Plaintiffs shall amend their Complaint to properly allege facts sufficient for diversity jurisdiction, if such allegations can be made in compliance with the dictates of Rule 11 of the Federal Rules of Civil Procedure. Failure to do so may result in the undersigned recommending that this case be dismissed without prejudice.

IT IS SO ORDERED this 16th day of September 2025.

_____
KEVIN R. SWEAZEA
UNITED STATES MAGISTRATE JUDGE