IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

BG11, INC. and
FEDERAL EXPRESS CORP.,

    Plaintiffs,

v.                                                No. 1:25-cv-00554-KG-KRS

CANYON CHEEK and
TEAM XPRESS, LLC.,

    Defendants.

### MEMORANDUM OPINION AND ORDER

This matter is before the Court on (1) Defendants Canyon Creek and Team Xpress' Motion to Stay, Doc. 23, and (2) Plaintiffs BG11 and Federal Express' Motion for Sanctions under Federal Rule of Civil Procedure 11. Doc. 19. Both motions are denied.

*I.    Background*

Plaintiffs BG11 and Federal Express allege that Mr. Cheek negligently caused a collision when his tractor-trailer overturned and struck their vehicle, killing Plaintiffs' employee—Marcelo Feruglio—and causing damage to Plaintiffs' trailers and cargo. Doc. 41 at 7–10. Plaintiffs further allege that Team Xpress, Mr. Cheek's employer, is vicariously liable for Mr. Cheek's conduct and was negligent in hiring him. *Id.*

Plaintiffs BG11 and Federal Express sued Defendants Canyon Cheek, Team Xpress, and S&S. *See* Doc. 1. In his answer, Mr. Cheek asserted that he was "without sufficient information to admit or deny" nearly every allegation in the complaint. *See* Doc. 11 at 8. Plaintiffs filed their motion for sanctions on August 20, 2025, arguing that Mr. Cheek's responses reflected either a "bad-faith effort" to deny allegations or a "failure" by defense counsel to "conduct a reasonable inquiry" under the circumstances. Doc. 19 at 5.

1

In a related case, Catalina Cunningham, as personal representative of Mr. Feruglio's estate, filed wrongful death and personal injury claims in New Mexico state court against Mr. Cheek, Team Xpress, and others. Doc. 23 at 2.

II.     Analysis

For the reasons below, the Court denies (A) Defendants' motion to stay and (B) Plaintiffs' motion for sanctions.

    A.     *Plaintiffs' motion to stay is denied.*

A federal court may stay a federal action in favor of parallel state proceedings in the interest of "wise judicial administration." *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 818 (1976). Federal courts, however, have a "virtually unflagging obligation" to hear cases over which they have jurisdiction, and abstention is warranted only in "exceptional circumstances" supported by the "clearest of justifications." *Id.* at 13, 18.

Courts must first determine whether state and federal proceedings are "parallel," *Fox v. Maulding*, 16 F.3d 1079, 1081 (10th Cir. 1994), meaning that "substantially the same parties litigate substantially the same issues." *United States v. City of Las Cruces*, 289 F.3d 1170, 1182 (10th Cir. 2002). If the proceedings are parallel, the court next considers whether "exceptional circumstances" warrant abstention. *Id*. *Colorado River* abstention is warranted only if resolution of the state action would leave "the federal court [with] nothing further to do in resolving any substantive part of the case." *Fox*, 16 F.3d at 1081–82.

Here, the state and federal actions are not parallel. BG11 and FedEx are not parties to the New Mexico action, Doc. 40 at 1, and the sole plaintiff in the state case, Ms. Cunningham, is not a party here. Doc. 40 at 3. The actions also raise distinct issues: the state case alleges liability for Mr. Feruglio's death, while this case alleges liability for property damage. *See* Doc. 41 at 15, 17; Doc. 23 at 2. Resolution of the state action therefore would not dispose of the claims asserted in

this case, meaning *Colorado River* abstention is unwarranted.  *See Fox*, 16 F.3d at 1081–82.  The motion to stay is therefore denied.

      B.      *Plaintiffs' Rule 11 motion for sanctions is denied.*

Under Federal Rule of Civil Procedure 11(b), pleadings must be filed "to the best of the signer's knowledge, information, and belief formed after reasonable inquiry" and must be "well grounded in fact" and "not interposed for any improper purpose."  Rule 11(b) violations may result in "appropriate sanction[s]."  Fed. R. Civ. P. 11(c)(1).

Plaintiffs failed to demonstrate a Rule 11(b) violation.  True, Mr. Cheek's initial answer relied heavily on assertions of insufficient knowledge about the facts.  But Plaintiffs filed suit just 11 days after the accident, before coverage issues, potential conflicts of interest, and the scope of defense counsel's representation had been resolved.  Doc. 21 at 5–7.  Under these circumstances, defense counsel's conduct does not rise to the level of a Rule 11(b) violation, and Mr. Cheek has since filed an amended answer with substantive responses.  *See* Doc. 49.  The motion for sanctions is therefore denied.

III.    *Conclusion*

Defendants' motion to stay this proceeding, Doc. 23, and Plaintiffs' motion for sanctions, Doc. 19, are denied.

      IT IS SO ORDERED.

/s/Kenneth J. Gonzales  
CHIEF UNITED STATES DISTRICT JUDGE

- Please note that this document has been electronically filed. To verify its authenticity, please refer to the Digital File Stamp on the NEF (Notice of Electronic Filing) accompanying this document.  Electronically filed documents can be found on the Court's PACER public access system.